```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY PERRI,                                                       08 CV 0451(ARR)(LB)
                              Plaintiff,
                                                                     NOT FOR PRINT
         -against-                                                   OR ELECTRONIC
                                                                     PUBLICATION

THE CITY OF NEW YORK;
THE ILLEGAL UNITS OF THE N.Y.P.D.;                                   OPINION AND ORDER
And The So named individuals of their Unit:
JOHN DOE No. 1; JOHN DOE No. 2;
ANTHONY R. DISALVIO; and JANE DOE,
                              Defendants.
----------------------------------------------------------------X
```

ROSS, United States District Judge:

On January 30, 2008, plaintiff, Anthony Perri, filed this pro se action, together with a request for a preliminary injunction and temporary restraining order, against the City of New York, the "Illegal Units of the N.Y.P.D.", and individual members of the "Illegal Units of the N.Y.P.D." By Opinion and Order dated February 15, 2008, this court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and denied plaintiff's request for injunctive relief. Plaintiff filed a timely appeal. The Second Circuit held that this court erred in failing to consider whether plaintiff was an incompetent person entitled to the protections of Rule 17(c) of the Federal Rules of Civil Procedure, vacated the judgment, and remanded the case for further proceedings. Perri v. City of New York, No. 08-1058-cv, 2009 WL 3227430 (2d Cir. Oct. 8, 2009).

1

# DISCUSSION

On remand from the Second Circuit, this court must consider the limited issue of whether plaintiff is an incompetent person entitled to the protections of Federal Rule of Civil Procedure 17(c).

Rule 17(c)(2) provides: "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The duty to "appoint" or "issue another appropriate order" arises after a determination of incompetency. Ferrelli v. River Manor Health Care, 323 F.3d 196, 201 (2d Cir. 2003). The court is under no obligation to inquire sua sponte into a pro se plaintiff's mental competence. Id. at 201, 203. However, the Second Circuit has directed that it would likely be an abuse of discretion not to consider the application of Rule 17(c) if the court "is presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. at 203.

This court is obligated to consider the application of Rule 17(c) because it was presented with the sort of evidence contemplated by Ferrelli – an evaluation by a mental health professional employed by a public agency that details plaintiff's history of mental illness, indicates that the illness causes him to have difficulty functioning, and recommends that he be represented by a guardian ad litem in an unrelated state court proceeding.[1] See Perri v. City of New York, No. 08-1058-cv, 2009 WL 3227430 (2d Cir. Oct. 8, 2009).

---

[1] The July 31, 2007 psychiatric evaluation by Dr. Mark Wallace of the City of New York Office of Health and Mental Health Services, attached to plaintiff's complaint, described plaintiff's "severe psychiatric history" beginning with an institutionalization at age ten. The evaluation

2

The instant case is unusual because at the time plaintiff filed this action he had a related case pending in this district before Judge Carol Bagley Amon, who had already determined that plaintiff was entitled to a guardian ad litem pursuant to Rule 17(c).[2] See Perri v. Bloomberg, 1:06-cv-403 (E.D.N.Y. Sept. 28, 2007)(Dkt. No. 97). After parsing the merits of plaintiff's summary judgment motion in that case and concluding that potentially meritorious claims remained, Judge Amon ordered the appointment of a guardian under Rule 17(c).[3] Id. In light of Judge Amon's finding and order in Perri v. Bloomberg, the court assumes that under Fed. R. Civ. P. 17(c), plaintiff is incompetent and would be entitled to a guardian ad litem in this action too, if no other appropriate means were available to adequately protect plaintiff's interests in this case.

The court finds, however, that no guardian need be appointed in this action to adequately protect the plaintiff. See United States of America v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986)("the court . . . need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected[.]"). After carefully reviewing plaintiff's complaint and attachments, the court finds that appointment of a guardian ad litem in this proceeding would do nothing to advance plaintiff's interests because it appears that no guardian ad litem could save

---

diagnosed plaintiff with bipolar disorder, post-traumatic stress disorder, panic disorder, anxiety disorder, and attention deficit/hyperactivity disorder and described plaintiff's complaints that undercover police officers were following him, harassing him, and setting him up to commit a crime. Dr. Wallace noted that plaintiff reported experiencing suicidal ideation because of his stress.

[2] In fact, prior to filing this complaint, plaintiff filed in Perri v. Bloomberg two motions for preliminary injunction containing many of the allegations in this complaint. See Perri v. Bloomberg, 1:06-cv-403 (E.D.N.Y.)(Dkt. Nos. 104, 107). In lieu of awaiting the court's ruling on those motions, plaintiff filed this new action asserting substantially similar claims. Plaintiff's motion for preliminary injunction in Perri v. Bloomberg was subsequently denied by Judge Amon because his conclusory allegations did not meet the requirement for a preliminary injunction that he demonstrate a likelihood of success on the merits. See Perri v. Bloomberg, 1:06-cv-403 (E.D.N.Y. May 27, 2008)(Dkt No. 122).

[3] Although the first guardian ad litem appointed by the court in Perri v. Bloomberg was relieved, Magistrate Judge Lois Bloom is selecting a replacement guardian to act on behalf of plaintiff pursuant to Judge Amon's order in that case.

plaintiff's claims from dismissal and in any event, the plaintiff is adequately protected by the appointment of the guardian ad litem ordered by Judge Amon in Perri v. Bloomberg.

Plaintiff's pleading in this action makes incredible and fantastic claims regarding the "illegal units of the N.Y.P.D." The complaint alleges that unnamed police officers wearing civilian clothing have entered plaintiff's apartment and tampered with his legal documents; have left nooses, dead rats, and dead fish in the public places he is known to frequent; have tapped his telephones; have followed him throughout his neighborhood and hired his neighbors to follow him; and are "using thousands of women and underage teenagers to follow [him] around and flash their body parts." The complaint accuses the "illegal units of the N.Y.P.D." of "leaving nooses at Columbia University as acts of subterfuge," causing the August 18, 2007 fire at Ground Zero that killed two firefighters, being responsible for "the pet-food poisenings [sic] in late 2006," and setting up the "the plot to blow up the oil pipelines under Kennedy Airport."

An action is considered frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)(internal quotations omitted). No matter how the allegations forming plaintiff's complaint are presented, they will always be the product of delusion or fantasy, and therefore frivolous. This court is generally required by statute to dismiss an action if it is frivolous. See 28 U.S.C. § 1915(e)(2)(B). The Second Circuit has advised in cases involving incompetent plaintiffs, however, that "if the court views it as clear that no substantial claim could be asserted on behalf of [an incompetent plaintiff], it may dismiss the complaint, but without prejudice." Berrios v. New York City Housing Authority, 564 F.3d 130, 135 (2d Cir.

2009). Faced with the incredible claims in plaintiff's complaint, and "mindful of [this court's] obligation to avoid any potential waste of judicial resources through the unnecessary appointment of a guardian ad litem," see Mandeville v. Wertheimer, No. 01 Civ. 4469, 2002 WL 432689, at *3 (March 19, 2002); see also Burke v. Coughlin, No. 86-CV-1174, 1995 WL 350349, at *1 (W.D.N.Y. May 30, 1995), the court finds that no substantial claim could be asserted on plaintiff's behalf, warranting a dismissal of the complaint without prejudice.

That a dismissal without prejudice is an appropriate disposition here is also supported by the pendency in this district of plaintiff's companion case, Perri v. Bloomberg, in which, as noted, Judge Amon has already ordered the appointment of a guardian ad litem pursuant to Rule 17(c). Although this court cannot discern in the complaint the germ of a non-frivolous claim, plaintiff's guardian ad litem in Perri v. Bloomberg will nonetheless be free to revisit the pleading and pursue any claim or claims considered viable. The appointment of a guardian ad litem in this proceeding, too, is thus duplicative and unnecessary to advance plaintiff's interests.

Accordingly, the Clerk of the Court is directed to dismiss the complaint without prejudice.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: November 13, 2009
Brooklyn, New York

5

SERVICE LIST:

    <u>Pro Se Plaintiff</u>
    Anthony Perri
    c/o Kenneth J. Aronson
    270 Madison Avenue, 13th Floor
    New York, NY 10016

    cc:    Magistrate Judge Lois Bloom